**Michael LYONS, By his parents and next friends, Anita ALEXANDER and Julius Lyons,**

**and**

**Anita Alexander and Julius Lyons, Plaintiffs,**

v.

**Franklin L. SMITH, Superintendent of the District of Columbia Public Schools,**

**and**

**The District of Columbia, Defendants.**

**Civ. A. No. 92–1319 (SSH).**

United States District Court, District of Columbia Circuit.

July 28, 1993.

Margaret A. Kohn, Washington, DC, for plaintiffs.

Grace Perry–Gaiter, Office of Corp. Counsel, Washington, DC, for defendants.

## OPINION

STANLEY S. HARRIS, District Judge.

This action concerns the legal standards for determining when a handicapped student is eligible for special education services under the Individuals with Disabilities Education Act ("IDEA") and Section 504 of the Rehabilitation Act of 1973 ("§ 504"). Before the Court are defendants' motion to dismiss

or, in the alternative, for summary judgment, and plaintiffs' cross-motion for partial summary judgment. Plaintiffs seek reversal of an administrative hearing officer's conclusion that the minor plaintiff, Michael Lyons, is not eligible for special education as "other health impaired" under the IDEA. Defendants contend that that conclusion should be affirmed. Plaintiffs also seek a declaratory judgment that a hearing officer has the authority under § 504 to order defendant Smith to provide Michael with special education regardless of the child's eligibility under the IDEA. Both parties request that the Court remand this case to the administrative level for a determination of the appropriate educational placement for Michael.

The Court declines to reverse the first hearing officer's conclusion that Michael is not "other health impaired." As to plaintiffs' other claim, the Court finds that a hearing officer may order special education for a child who is determined to be handicapped under § 504, but only when denying the child special education would be discriminatory.[1] The Court remands this case to the second hearing officer for a determination of the appropriate placement for Michael.[2] Although "[f]indings of fact and conclusions of law are unnecessary on decisions of motions under Rule 12 or 56," the Court nonetheless sets forth its analysis. *See* Fed.R.Civ.P. 52(a).

### Background

Michael Lyons is an eight-year-old student in the District of Columbia school system who has been diagnosed as having Attention Deficit and Hyperactivity Disorder ("ADHD") which causes him to have behavioral problems at home and school. In 1991, Michael was evaluated by a multidisciplinary team of the District of Columbia Public Schools ("DCPS") which determined that he was ineligible for special education under both the IDEA and § 504.

Michael's parents, plaintiffs Anita Alexander and Julius Lyons, challenged that determination at a due process hearing in 1992. The hearing officer found that Michael "scored in the average to superior range on almost all tests administered to him[,]" but his "social adjustment had been adversely affected by his ADHD." (First Hearing Determination, Administrative Record ("A.R.") at 6–7.) She determined that Michael was not eligible for special education under the IDEA because he was not "other health impaired" as defined in that statute. This hearing officer nonetheless found that Michael did meet the definition of a qualified handicapped individual under § 504. Consequently, she ordered that DCPS provide Michael with an individualized education program ("IEP") accommodating him with a class size of 10–15 students, a highly structured, therapeutic classroom, a lot of one-to-one attention, academically challenging work, a behavior management plan, counseling, regular consultation with his physician regarding medication, staff experienced with children who have ADHD, and coordination with parents over behavioral interventions.[3] (First Hearing Determination, A.R. at 8–9.)[4]

DCPS completed an IEP for Michael and proposed Garrison Elementary School as an appropriate placement for him. Plaintiffs opposed Michael's placement at that school in a second due process hearing in which they sought to have Michael placed and funded at the Lab School of Washington, a special education facility. The second hearing officer affirmed the first hearing officer's conclusion that Michael did not qualify for special edu-

---

1. As the Court remands the case, it denies plaintiffs' motion to strike defendants' fourth defense from the answer without prejudice. The Court also declines plaintiffs' request that it retain jurisdiction.

2. As the Court resolves the case on its merits, plaintiffs second motion for a preliminary injunction, filed July 22, 1993, which requests the Court to order defendants to leave Michael in his current placement pending resolution of this matter, is denied as moot.

3. Under the regulations promulgated under § 504, implementation of an IEP developed in accordance with the IDEA is one means of ensuring that the educational needs of the handicapped are met adequately. *See* 34 C.F.R. § 104.33(2).

4. Defendants did not appeal these determinations by the first hearing officer.

cation under the IDEA. The second hearing officer also found that DCPS had failed to meet its burden of proving that Garrison was an appropriate placement that would provide Michael with the accommodations mandated by the first hearing officer. The second hearing officer, however, questioned his authority to order DCPS to provide special education to a child found to be "qualified handicapped" under § 504 but not eligible for special education under the IDEA. As a result, he declined to place Michael at the Lab School or to order any placement at all.

Plaintiffs appeal these determinations by the second hearing officer. DCPS subsequently has proposed two other special education placements for Michael: the Behavior Management Program at Tyler Elementary School and Prospect Learning Center. Plaintiffs have rejected both of these proposals as inappropriate. On December 15, 1992, the Court denied plaintiffs' motion for a preliminary injunction, which requested that the Court order DCPS to fund Michael's attendance at Kingsbury Day School. Michael has remained at Brent Elementary School of the DCPS system for the duration of these proceedings.

### Discussion

■ Summary judgment may be granted only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). In considering a summary judgment motion, all evidence and the inferences to be drawn from it must be considered in a light most favorable to the nonmoving party. See *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986).

### The IDEA

■ Plaintiffs contend that, as a matter of law, the Court should reverse the first hearing officer's determination that Michael was not "other health impaired" and thus

was not eligible for special education under the IDEA. Defendants move for summary judgment, requesting the Court to uphold the determination. The burden is on the party challenging a hearing officer's determination to persuade the Court that the hearing officer was incorrect. *Angevine v. Smith*, 959 F.2d 292, 295 (D.C.Cir.1992); *Kerkam v. McKenzie*, 862 F.2d 884, 887 (D.C.Cir.1988).

The IDEA provides federal funds to state and local agencies which "have in effect a policy that assures all handicapped children the right to a free appropriate public education." 20 U.S.C. § 1412(1). A "free appropriate education" under the IDEA is defined as "special education and related services which ... are provided in conformity with an individualized education program." 34 C.F.R. § 300.4.[5] Because the DCPS system receives these funds, it must develop for each eligible, handicapped child, an IEP describing the specific educational services which DCPS will provide to meet his unique needs. See 20 U.S.C. §§ 1412(4), 1414(a)(5), and 1401(a)(19). In addition, DCPS must provide these children and their parents or guardians with certain procedural safeguards enabling them to challenge the evaluation or educational placement of a child in an impartial due process hearing. 20 U.S.C. § 1415(b)(1) and (2).

The IDEA permits "any party aggrieved by the findings and decision" of the state administrative hearings to "bring a civil action" in state or federal court without regard to the amount in controversy. 20 U.S.C.A. § 1415(e)(2). The standard of review on appeal under the IDEA is set forth in the statute. "[T]he court shall receive the records of the administrative proceedings, shall hear additional evidence at the request of the party, and basing its decision on the preponderance of the evidence, shall grant such relief as the court determines is appropriate." 20 U.S.C.A. § 1415(e)(2).

■ "[T]he provision that a reviewing court base its decision on the 'preponderance of the evidence' is by no means an invitation

---

**5.** This regulation also lists other provisions which must be met in order to comply with the free appropriate public education requirement. See 34 C.F.R. § 300.4.

to the court to substitute their own notions of sound educational policy for those of the school authorities which they review." *Hendrik Hudson Dist. Bd. of Educ. v. Rowley*, 458 U.S. 176, 206, 102 S.Ct. 3034, 3051, 73 L.Ed.2d 690 (1982). The Court must make an independent review of the evidence, but in so doing it must also give "due weight" to the administrative proceedings and afford some deference to the expertise of the hearing officer and school officials responsible for the child's education. *Id.; Kerkam*, 862 F.2d at 887 ("Deference to the hearing officer makes sense in a proceeding under [the IDEA] for the same reasons that it makes sense in the review of any other agency action"); *McKenzie v. Smith*, 771 F.2d 1527, 1531 (D.C.Cir. 1985).

Upon consideration of the entire record of this case, the Court upholds the hearing officer's determination that Michael does not qualify as "other health impaired." The definition of handicapped children in the IDEA includes "other health impaired children," who are described in the regulations as "having limited strength, vitality or alertness, due to chronic or acute health problems ... which adversely affect the child's educational performance." 20 U.S.C. § 1401(a)(1); 34 C.F.R. § 300.5(b)(7). The hearing officer found that Michael was not "other health impaired" because his alertness was not affected by his ADHD. (First Hearing Determination, A.R. at 8.)

Plaintiffs claim that she incorrectly applied the definition of "other health impaired" by failing to take into account Michael's difficulties in "social emotional" development as an indication of the adverse effect of ADHD on his educational performance. The hearing officer's findings of fact upon which she based her conclusions, however, include references to both Michael's superior academic performance and his difficulties interacting socially with other children and adults.

■ Plaintiffs emphasize that defendants have not presented any evidence, except Michael's academic achievements, as proof that his educational performance has not been adversely affected. Plaintiffs also emphasize that defendants admitted in an answer to an interrogatory that educational performance includes a "social emotional" component. Such an admission, however, is not inconsistent with the hearing officer's determination. Even if the hearing officer's determination of Michael's ineligibility was based solely on his academic record, as plaintiffs contend, the Court would be loath to reverse the officer's determination on that basis alone. The achievement of passing marks is one important factor in determining educational benefit. *See Rowley*, 458 U.S. at 207 & n. 28, 102 S.Ct. at 3051 & n. 28 ("In assuring that the requirements of the Act have been met, courts must be careful to avoid imposing their view of preferable educational methods upon the States.").

Based upon an independent review of the administrative record and the supplementary evidence submitted by the parties, and giving due weight to the hearing officer's decision, the Court upholds the first hearing officer's determination that Michael is not "other health impaired" under the IDEA.

*Section 504*

Section 504 of the Rehabilitation Act states that "[n]o otherwise qualified handicapped individual in the United States, ... shall, solely by reason of his handicap, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance." 29 U.S.C. § 794. Plaintiffs claim that the hearing officer has the authority to order special education under § 504.[6] This claim raises only questions of law; thus, the Court reviews it *de novo*.

■ Pursuant to § 504, regulations were promulgated which interpret this statute as requiring all federally subsidized public elementary or secondary education programs to provide a free appropriate public education to each qualified handicapped person in the

---

**6.** As the Court finds for plaintiffs on this issue on    other grounds, it does not address the arguments

program's jurisdiction.[7] 34 C.F.R. § 104.-33(a).[8] A handicapped person is defined as any person with a physical or mental impairment which substantially limits one or more major life activities, including learning. 34 C.F.R. § 104.3(j). A "free appropriate public education" is defined in these regulations as "regular or special education and related aids and services that (i) are designed to meet the individual educational needs of handicapped persons as adequately as the needs of non-handicapped persons are met."[9] 34 C.F.R. § 104.33(b)(1).[10]

These regulations also require that a recipient of federal funds provide handicapped persons with a system of procedural safeguards, including an impartial hearing and review procedure. 34 C.F.R. § 104.36. Compliance with the procedures delineated in the IDEA is one means of complying with this requirement under § 504. 34 C.F.R. § 104.36.

The second hearing officer believed that he lacked the authority to order special education pursuant to § 504 for any student not entitled to special education under the IDEA. (Second Hearing Determination, A.R. at 138–9.) He also advised plaintiffs that "[o]nly a ruling of the U.S. District Court that Michael is indeed eligible for special education or in the alternative, a ruling from that court that

hearing officers may order a special education placement for a non-special education student can provide the relief sought by the parent." (A.R. at 139.)

The Court declines to determine Michael's eligibility for special education. To rule on that issue "the Court would have to conduct a *de novo* hearing and reach a determination without the benefit of an administrative decision." *See Kroot v. District of Columbia,* 800 F.Supp. 976, 983 (D.D.C.1992). Such an inquiry would contravene the Supreme Court's admonition that courts should not dictate educational policy. *See Rowley,* 458 U.S. at 207, 102 S.Ct. at 3051.

■■■■ However, the Court finds that a hearing officer may order DCPS to provide special education to a student designated as "otherwise qualified handicapped" under § 504, but may only do so under appropriate circumstances. Section 504 does not require affirmative efforts to overcome the disabilities caused by handicaps, but instead "simply prevents discrimination on the basis of handicap." *Smith v. Robinson,* 468 U.S. 992, 1016, 104 S.Ct. 3457, 3470, 82 L.Ed.2d 746 (1984); *see also Southeastern Community College v. Davis,* 442 U.S. 397, 405, 99 S.Ct. 2361, 2366, 60 L.Ed.2d 980 (1979) (holding that § 504 demands "only that an 'otherwise qualified

---

raised by plaintiffs to support their motion.

7. These regulations were promulgated by the Secretary of Health, Education, and Welfare (HEW), but the functions of the Secretary of HEW under § 504 and the IDEA were transferred in 1979 to the Secretary of Education. *See* The Departmental Education Organization Act, § 301(a), 93 Stat. 677, 20 U.S.C. § 3441(a).

8. When Congress has implicitly delegated authority to an agency to clarify a specific provision of a statute by regulation, "a court may not substitute its own construction of a statutory provision for a reasonable interpretation made by the administrator of an agency." *Chevron U.S.A., Inc. v. Natural Resources Defense Council,* 467 U.S. 837, 844, 104 S.Ct. 2778, 2782, 81 L.Ed.2d 694 (1984) (footnote omitted).

9. As noted, the IDEA also requires state and local agencies receiving federal funding to provide disabled children with a free appropriate public education. 20 U.S.C. § 1412(1). The definition for a free appropriate education given in the IDEA, however, is different from the defini-

tion in the § 504 regulations. *Compare* 20 U.S.C. § 1401(a)(16)–(18) (defining the term "free appropriate public education" as it is used in the IDEA) *with* 34 C.F.R. § 104.33(b) (defining this term in the § 504 regulations). The IDEA provides for "educational instruction specially designed to meet the unique needs of the handicapped child, supported by such services as are necessary to permit the child 'to benefit' from the instruction." *Rowley,* 458 U.S. at 188–89, 102 S.Ct. at 3041–42. Section 504, on the other hand, merely requires that a handicapped child be afforded the same educational opportunities as a nonhandicapped child. "While [the IDEA] guarantees a right to a free appropriate public education, § 504 simply prevents discrimination on the basis of handicap." *Smith v. Robinson,* 468 U.S. 992, 1016, 104 S.Ct. 3457, 3470, 82 L.Ed.2d 746 (1984).

10. This subsection defining appropriate education also requires that the "regular or special education and related aids and services" be "based upon adherence to procedures that satisfy the requirements of §§ 104.34, 104.35, and 104.-36." 34 C.F.R. § 104.33(b)(1).

handicapped individual' not be excluded from participation in a federally funded program 'solely by reason of his handicap.' ").

As noted, the § 504 regulations include special education as one means of providing a free appropriate public education. Therefore, in some situations, a school system may have to provide special education to a handicapped individual in order to meet the educational needs of a handicapped student "as adequately as the needs" of a nonhandicapped student, as required by § 104.-33(b)(1). *See* 34 C.F.R. § 104.33(b)(1). Provision of special education under this regulation, however, would exceed the scope of aid authorized by the Rehabilitation Act if this relief called for accommodations beyond those necessary to eliminate discrimination.[11] *See Davis,* 442 U.S. at 410, 99 S.Ct. at 2369 ("If these regulations were to require substantial adjustments in existing programs beyond those necessary to eliminate discrimination against otherwise qualified individuals, ... they would constitute an unauthorized extension of the obligations imposed by that statute.").

Both parties agree that Michael is "otherwise qualified handicapped" under § 504. This does not necessarily mean that Michael is entitled to the special education that he seeks. It merely entitles him to an education designed to meet his individual educational needs as adequately as the needs of nonhandicapped persons are met. *See* 34 C.F.R. § 104.33(b). Therefore, the Court remands this matter to the second hearing officer for reconsideration of an appropriate placement for Michael in light of this Opinion.

## Conclusion

The Court upholds the hearing officer's conclusion that Michael is not "other health impaired" as defined in the IDEA. The Court also finds that a hearing officer may award special education to an "otherwise qualified handicapped" child under § 504, but only when declining to do so would be discriminatory. Such a situation arises only if the handicapped child's educational needs cannot be met as adequately as the nonhan-

dicapped children's needs are being met, without providing special education for the handicapped child. The Court remands this matter to the second hearing officer for a determination of the appropriate placement for Michael in light of this Opinion.

An appropriate Order accompanies this Opinion.

### ORDER

For the reasons stated in the accompanying Opinion, it hereby is

ORDERED, that defendants' summary judgment motion is granted. It hereby further is

ORDERED, that plaintiffs' partial summary judgment motion is denied in part and granted in part. It hereby further is

ORDERED, that plaintiffs' second motion for a preliminary injunction is denied as moot. It hereby further is

ORDERED, that the case is remanded.

SO ORDERED.

---

11. The Court believes that the only students likely to be entitled to special education under § 504 are the same students also entitled to special education under the IDEA.