Matthew **PESTRONK**, et al., Plaintiffs,

v.

**DISTRICT OF COLUMBIA,**
**et al., Defendants.**

**No. CIV.A.94–0610 (EGS).**

United States District Court,
District of Columbia.

July 10, 2001.

Matthew Barry Bogin, Washington, DC, Michael Jeffrey Eig, Chevy Chase, MD, for Plaintiffs.

Edward David Kania, Scott Michael Leighton, Office of Corporation Counsel, D.C., Washington, DC, for Defendants.

## MEMORANDUM OPINION
## AND ORDER

" SULLIVAN, District Judge.

Plaintiff, Mark Pestronk, a licensed attorney in the District of Columbia, and father of Matthew Pestronk, requested special education services for Matthew from defendants, the District of Columbia and the District of Columbia Public Schools pursuant to the Individuals with Disabilities Education Act ("IDEA") 20 U.S.C. §§ 1400–1485; the Rehabilitation Act of 1973 ("Section 504"), 29 U.S.C. § 794; 42 U.S.C. § 1983; 28 U.S.C. §§ 1331 and 1343. After an administrative hearing, a Hearing Officer ordered that defendants partially reimburse plaintiff for the expenses associated with Matthew's educational placement at the Chesapeake Learning Center, West Nottingham Academy, during the 1993–95 school years. In this case, plaintiff challenges the failure of defendants to provide Matthew with a free, appropriate education under IDEA and Section 504.

By order dated August 24, 2000, the Court denied motions for summary judgment without prejudice. Pending before the Court are defendants' supplemental motion for summary judgment pursuant to Fed.R.Civ.P. 56 and plaintiff's original motion for summary judgment. To be entitled to summary judgment, the moving party must show that no genuine issue of material fact exists and that the party is entitled to summary judgment as a matter of law. Fed.R.Civ.P. 56(c); *see Celotex Corp. v. Catrett,* 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). In reviewing the Hearing Officer's determination under IDEA, the Court must conduct an independent review of the evidence. *Lyons v. Smith et al,* 829 F.Supp. 414 (D.D.C.1993). For the following reasons, the Court grants summary judgment for defendants and denies summary judgment for plaintiff.

According to defendants, the primary issue for resolution by the Court is whether Matthew Pestronk, who has *never* resided in the District of Columbia, was eligible to receive free educational services during the relevant time period from the District.[1] When plaintiff applied for special education benefits from the District of Columbia, he stated on his application that his son, Matthew, was a resident of the District of Columbia; he now concedes that Matthew never resided in the District of Columbia. Nevertheless, plaintiff maintains that the relevant local statutes and regulatory provisions were satisfied and, accordingly, he seeks reimbursement and payment for Matthew's educational placement and expenses at the Chesapeake Learning Center for the relevant time period.

The District maintains a policy of providing free and appropriate public education to school-aged children with disabilities who are residents of the District of Columbia. *See Mills v. Bd. of Educ.,* 348 F.Supp. 866 (D.D.C.1972). Funds for the District's program are provided pursuant to the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. § 1400 et

---

1. During an early status hearing, the Court raised the issue of Matthew's eligibility for special education benefits because of his non-resident status. The Court expressed concern about the District of Columbia having a legal obligation to pay for the educational expenses of a special needs child who did not live in the District. Prior to the status hearing, the eligibility issue had never been raised or addressed either during the administrative hearing or in court. Both parties have addressed this issue in their subsequent pleadings.

seq. The IDEA was established for the express purpose of ensuring "that all handicapped children have available to them a free appropriate public education which emphasizes special education and related services designed to meet their unique needs...." 20 U.S.C. § 1400(c). Before receiving IDEA funds, a State must "demonstrate that it has developed a plan that sets forth in detail the policies and procedures which the State will undertake or has undertaken in order to assure that-all children residing in the State who are handicapped, regardless of the severity of their handicap, and who are in need of special education and related services are identified, located, and evaluated...." 20 U.S.C. § 1412(2)(C).

In the District, educational services for disabled students are governed primarily by the Board of Education Rules and Regulations as codified in Chapter 30, in Title 5 of the D.C. Municipal Regulations. Section 3000 of Chapter 30, entitled Special Education Policy, governs the education services provided to disabled students. Subsection 3000.1 requires D.C. public schools to provide "for an appropriate publicly supported education suited to the individual needs of all handicapped students residing in the District of Columbia...." 5 D.C.M.R. § 3000.1. This subsection is incorporated in the District's Special Education State Plan which details the policies and procedures for administering educational benefits pursuant to IDEA.

Plaintiff maintains that Matthew was entitled to District of Columbia special educational benefits during the 1993–95 school years. Plaintiff argues that because the District failed to provide Matthew those benefits, he is entitled to full reimbursement for Matthew's education during that time. In claiming that Matthew was entitled to special educational benefits, plaintiff argues Matthew's eligibility for bene-

fits based on *Mark Pestronk's* status as a resident of the District of Columbia from July 1, 1993, until August 10, 1995, and his joint legal custody of Matthew during the 1993–94 and 1994–95 school years with Matthew's non-resident mother. Matthew's mother was Matthew's physical custodian during the relevant period of time. Although Matthew *never* resided in the District of Columbia, plaintiff argues that eligibility for District educational benefits for a disabled child turns on the residency of the parent or guardian based on the clear language of section 31–602(a)(2) of the D.C.Code and section 2000.2(a) of the Municipal Regulations. The Court is not persuaded by plaintiff's arguments for they do not address the precise issue before the Court *i.e.* the liability of the District of Columbia for special education benefits of a child who is not a resident of the District of Columbia.

As previously stated, the District's special educational program is funded pursuant to the IDEA. Congress requires states to ensure that "all [special needs] *children residing in the State* ... who are in need of special education and related services are identified, located, and evaluated...." 20 U.S.C. § 1412(2)(C). The express statutory language of the IDEA demonstrates that Congress did not intend for one state to bear the cost of specialized education for special needs children residing in another state. If that were the intent of Congress, the District of Columbia would soon become a haven for a parent or custodian to reside and obtain a cost free education for nonresident children, subsidized at the expense of the District of Columbia government and its taxpayers. Congress certainly did not intend such an absurd result.

Moreover, pursuant to Mayor's Order 94–82, Executive branch agencies of the District Government shall ensure that

"*children* with disabilities ... *who [ ] are residents of the District* ... are provided an opportunity for a free appropriate elementary or secondary school education program...." Mayor's Order 94–82, dated March 30, 1994. Furthermore, under section 7110.2 of the Mayor's Administrative Instruction, "*[a] student* who has a physical or mental impairment ... *who is a resident of the District of Columbia* ... shall be eligible for special education programs and services...." These policies have also been incorporated into the District of Columbia public schools' State Plan under the IDEA. In short, the Court finds that a student must reside in the District in order to receive special educational benefits from the District of Columbia public school system.

Accordingly, the Court is not persuaded by plaintiff's argument that he is entitled to reimbursement for Matthew's educational placement. Because Matthew Pestronk *never* resided in the District of Columbia, plaintiff is not eligible to receive special educational benefits under IDEA from the District of Columbia. Thus, the District of Columbia is not required to fund Matthew's placement at the Chesapeake Learning Center, West Nottingham Academy during the 1993–94 and 1994–95 school years.[2]

Accordingly, it is hereby

**ORDERED** that defendants' motion for summary judgment is **GRANTED** and plaintiff's motion for summary judgment is **DENIED**. This case is **DISMISSED WITH PREJUDICE**. That portion of the Hearing Officer's decision authorizing partial reimbursement to Mark Pestronk for

special education benefits for Matthew Pestronk is **REVERSED**; and it is

**FURTHER ORDERED** that the Clerk of the Court is directed to forward a copy of this Memorandum Opinion and Order to the United States District Court Committee on Grievances for whatever consideration that Committee deems appropriate in view of the false statements made by plaintiff in the application for special education benefits.

---

2. The Court has considered and rejects plaintiff's remaining claims under Section 1983 and The Rehabilitation Act. Such claims, if possessed of any merit, may be prosecuted by plaintiff in the appropriate forum. Assuming *arguendo* that the claims could be maintained in this forum, notwithstanding Matthew's nonresidency in the District of Columbia, plaintiff has failed to demonstrate a custom or practice of IDEA violations or any factual predicate for establishing a claim under The Rehabilitation Act.