Alexandra SIMMONS, minor, by her parent, Ellen SIMMONS,
Plaintiffs,

v.

DISTRICT OF COLUMBIA,
et al., Defendants.

No. 02–2540.

United States District Court,
District of Columbia.

Sept. 19, 2004.

Domiento C.R. Hill, Brenda McAllister, James E. Brown & Associates, PLLC, Roy Carleton Howell, Murrell & Brown, Washington, DC, for Plaintiffs.

Jonathan F. Potter, Office of Corporation Counsel, Maria L. Merkowitz, Assistant Corporation Counsel, General Litigation Division, Washington, DC, for Defendants.

### *MEMORANDUM OPINION AND ORDER*

LEON, District Judge.

Before the Court are the plaintiffs' and the defendants' cross-motions for summary judgment. This action against the District of Columbia seeks review of an administrative decision by a Due Process Hearing Officer with regard to a minor child's educational placement, pursuant to the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. § 1400, et seq. For the following reasons, the Court GRANTS the defendants' cross-motion for summary judgment and DENIES the plaintiffs' motion for summary judgment.

## BACKGROUND

### I. *Statutory Background: Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. § 1400, et seq.*

The Individuals with Disabilities Education Act, ("IDEA"), 20 U.S.C. § 1400, et seq. (formerly known as the Education of the Handicapped Act), was passed to "ensure that all children with disabilities have

available to them a free appropriate public education that emphasizes special education and related services designated to meet their unique needs..." 20 U.S.C. § 1400(d)(1)(A); *see also Schoenbach v. District of Columbia*, 309 F.Supp.2d 71, 73–74 (D.D.C.2004). IDEA includes provisions to assist and provide funding to states for the implementation of "a comprehensive, coordinated, multidisciplinary, interagency system of early intervention services for infants and toddlers with disabilities and their families." 20 U.S.C. § 1400(d)(2).

Under the "free appropriate public education" ("FAPE") provision of the statute, a disabled child is entitled to an "individualized education program" ("IEP"), which is established as a result of an annual meeting of the child's parents, teachers, and other professionals. 20 U.S.C. § 1414(d). An IEP should include a statement of needs, services, learning aids, and programs that should be made available to the student. 20 U.S.C. § 1414(d)(2)(A)(i)-(viii). Following the development of an IEP, the public school system is required to provide an appropriate educational placement that meets the needs set forth in the IEP. *Spilsbury v. District of Columbia*, 307 F.Supp.2d 22, 25 (D.D.C.2004) (citing *Petties v. District of Columbia*, 238 F.Supp.2d 114, 116 (D.D.C.2002)). If an appropriate public placement is not available, the school system must provide an appropriate private placement or make educational services provided by private organizations available to supplement a private placement. *Id.*

If a school system proposes to fundamentally change a child's educational placement, the child's parents are entitled to challenge the change in an impartial due process hearing under section 1415 of the statute, 20 U.S.C. § 1415(f), and appeal an adverse decision to the state educational agency. 20 U.S.C. § 1415(g). Following an appeal of the decision of a hearing officer, an aggrieved party may bring an action in federal district court. 20 U.S.C. § 1415(i)(2). During the pendency of proceedings under section 1415, "unless the State or local educational agency and the parents otherwise agree, the child shall remain in the then-current educational placement of such child..." 20 U.S.C. § 1415(j) (formerly 20 U.S.C. § 1415(e)(3)).[1] This is known as the "stay put" provision of IDEA. *See, e.g., Spilsbury*, 307 F.Supp.2d at 25.

## II. Factual Background

The minor plaintiff, Alexandra Simmons ("the plaintiff"), is a special education student who has been diagnosed with certain disabilities requiring speech and other therapy. Pl. Stat. Mat. Facts at (1)-(2). She was four years old when this action was filed on December 30, 2002. *Id.* Although her neighborhood public school is Stoddert Elementary School, she has attended the National Child Research Center ("NCRC"); a private school. *Id.* at (3)-(4). On May 22, 2002, the District of Columbia Public Schools ("DCPS") convened a Multi-disciplinary Team / Individualized Education Plan ("MDT/IEP") meeting, in which the plaintiff's mother participated, to determine the proper educational placement for the plaintiff. R. 59. As a result of the meeting, the team issued a notice of initial placement, placing the plaintiff at Stoddert Elementary School. R. 57.

On May 24, 2002, a Hearing Officer Decision ("HOD") was issued in response to a prior request for a hearing by the plaintiff,

---

1. Although the parties refer to the "stay put" provision throughout their briefs as section 1415(e)(3), the Court will refer to this provision by the current section number, section 1415(j).

requiring DCPS (1) to reimburse the plaintiffs' parents for the cost of education from July 14, 2001 to May 24, 2002, and (2) to place and fund the plaintiff "on an interim basis" at NCRC until the end of the 2001–2002 school year. R. 33–37. The same day, the plaintiff filed a hearing request alleging that the May 22, 2002 IEP and the placement at Stoddert Elementary School were inappropriate. R. 27–29. This request did not invoke the "stay put" provision, but the plaintiffs allege that they subsequently demonstrated their intent to invoke this provision in an August 2002 letter to the defendants. Pl. Opp. 2. Hearings regarding the May 24, 2002 hearing request were held on August 5, 2002 and November 21, 2002, and on December 10, 2002, the Hearing Officer issued her decision ("December 10, 2002 HOD"), which found that DCPS had met its burden of establishing that the IEP was appropriate for the plaintiff and that it could provide an appropriate placement for the 2002–2003 school year. R. 383–389. As of the date of that decision, the plaintiff was still attending NCRC, but had been placed as a non-enrolled student at Stoddert Elementary School. R. 384.

The plaintiff filed the complaint in the current action on December 30, 2002, challenging the December 10, 2002 HOD under IDEA, 20 U.S.C. § 1400, et seq., and section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794.[2] On September 15, 2003, the plaintiff moved for summary judgment, arguing that (1) IDEA requires that during the pendency of an administrative proceeding, a child is to "stay put" in the "current educational placement" and that placing the plaintiff at Stoddert Elementary School denied her "a free appropriate public education" ("FAPE"); (2) procedural violations of IDEA have been established because the plaintiff's request for a hearing was filed on May 24, 2002 and the HOD was not issued until December 10, 2002; and (3) an "equitable award" of reasonable tuition for the 2002–2003 school year is warranted because the defendants' IEP was inadequate to meet the plaintiff's needs.[3]

On November 18, 2003, the District of Columbia cross-moved for summary judgment on the grounds that the plaintiff failed to present any reasons why the Hearing Officer erred in ruling that DCPS had met its burden of providing FAPE to the plaintiff. The District of Columbia also asserts that the "then current educational placement" for the plaintiff is Stoddert Elementary School, and thus the plaintiff's argument under IDEA's "stay put" provision, 20 U.S.C. § 1415(j), should be rejected. Finally, the District of Columbia argues that because the plaintiff has failed to demonstrate "substantial harm," any procedural violations of IDEA do not rise to the level of a denial of FAPE.

## DISCUSSION

### I. Standards of Review

Summary judgment is appropriate when the pleadings and the record demonstrate that "there is no genuine issue as to any

---

2. It should be noted that the record in this case reflects that there are at least three other HODs that have been issued with regard to the plaintiff. See R. 33 (May 24, 2002 HOD); Def. Mot. for Summ. J. Ex. 2–3 (May 6, 2003 and October 6, 2003 HODs). However, the December 10, 2002 is the only HOD challenged in the complaint. Compl. ¶ 33.

3. As previously noted, in addition to IDEA, the plaintiff also alleges section 504 of the Rehabilitation Act, 29 U.S.C. § 794, as a basis for jurisdiction over this action. However, as the plaintiff neither specifically alleges a claim for relief under this statute nor even references it in her motion for summary judgment, the Court declines to engage in any independent analysis under this statute.

material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). The party seeking summary judgment may support its motion by "identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *See Celotex v. Catrett,* 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986) (quoting Fed.R.Civ.P. 56(c)). In opposing summary judgment, the "nonmoving party [must] go beyond the pleadings and by [its] own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" *Id.* at 324, 106 S.Ct. 2548 (quoting Fed.R.Civ.P. 56(c), (e)). The Court must view the facts in the light most favorable to the non-movant, giving the non-movant the benefit of all justifiable inferences derived from the evidence in the record. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 249, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).

■ In a case brought under IDEA, the reviewing court shall "receive the records of the administrative proceeding, shall hear additional evidence at the request of the party, and, basing its decision on the preponderance of the evidence, shall grant such relief as the court determines is appropriate." 20 U.S.C. § 1415(i)(2)(B). While the Court may make an independent determination, it "must also give 'due weight' to the administrative proceeding and afford some deference to the expertise of the hearing officer and school officials responsible for the child's education." *Lyons v. Smith,* 829 F.Supp. 414, 418 (D.D.C.1993) (citing *Hendrick Hudson Dist. Bd. of Educ. v. Rowley,* 458 U.S. 176, 206, 102 S.Ct. 3034, 73 L.Ed.2d 690 (1982)); *see also Kerkam v. McKenzie,* 862 F.2d 884, 887 (D.C.Cir.1988) ("Deference to the hearing officer makes sense in a proceed-ing under [IDEA] for the same reasons that it makes sense in the review of any other agency action.").

## II. Challenge to the December 10, 2002 HOD under IDEA

The plaintiff appears to challenge the December 10, 2002 HOD on three grounds: (1) IDEA requires a child to be maintained under the "then current educational placement" during the pendency of proceedings challenging an IEP, and DCPS' action of placing the plaintiff at Stoddert Elementary School amounts to a denial of FAPE; (2) DCPS engaged in procedural violations of IDEA that amount to a denial of FAPE because of the delay between the plaintiff's request for a hearing and the issuance of the December 10, 2002 HOD; and (3) the placement at Stoddert Elementary School was inadequate because the school lacked a dedicated room for speech and language services, and also lacked necessary equipment for her therapy. For the following reasons, the Court finds the plaintiff has presented no basis for overturning the December 10, 2002 HOD, and thus grants summary judgment for the District of Columbia.

### A. *"Then Current Educational Placement" under IDEA's "Stay Put" Provision*

■ The plaintiff first argues that under IDEA's "stay put" provision, 20 U.S.C. § 1415(j), DCPS' placement of the plaintiff at Stoddert Elementary School for the 2002–2003 school year amounts to a denial of FAPE. Pl. Mot. for Summ. J. 1–2. Courts have found that "[n]either the statute nor legislative history instructs a reviewing court how to identify 'the then current educational placement.'" *Zvi D. v. Ambach,* 694 F.2d 904, 906 n. 5 (2d Cir.1982) (citing *Stemple v. Board of Educ.,* 623 F.2d 893, 897 (4th Cir.1980)).

However, in *School Committee of the Town of Burlington v. Dep't of Educ.*, the Supreme Court shed some light on the meaning of this term when it "assume[d]" for the purposes of its decision, that the "then current educational placement" was the school proposed in the IEP being challenged by a disabled child's parents and also found that the parents had "contravened the conditional command" of section 1415(j) by rejecting the IEP and placing their son in a private school. 471 U.S. 359, 371–72, 105 S.Ct. 1996, 85 L.Ed.2d 385 (1985). *Accord Drinker v. Colonial School District*, 78 F.3d 859, 867 (3d Cir.1996) (finding that "[t]he dispositive factor in deciding a child's 'current educational placement' should be the Individualized Educational Program ("IEP")...actually functioning when the 'stay put' is invoked."). Moreover, the Supreme Court subsequently noted in *Honig v. Doe* that Congress passed IDEA after finding that school systems across the country "had excluded one out of every eight disabled children from classes" and that the "stay put" provision reflected Congress' intention to "strip schools of the unilateral authority they had traditionally employed to exclude disabled students, particularly emotionally disturbed students, from school." 484 U.S. 305, 323–24, 108 S.Ct. 592, 98 L.Ed.2d 686 (1988). In this case, there is no issue of the plaintiff being excluded from a public school as a result of her appeal from the IEP and placement. Instead, the issue is whether the District of Columbia is responsible for funding her education at a private school during the pendency of this action.

The Court finds that the "current educational placement" is Stoddert Elementary School, and thus the District of Columbia has not denied the plaintiff FAPE under section 1415(j) in failing to fund her enrollment at NCRC during the pendency of this action. In this case, the first and only educational placement was for the plaintiff to be placed at Stoddert Elementary School. Thus, in contrast to other decisions in this district declining to find that the "current educational placement" is the school specified in a challenged IEP where there is a pre-existing IEP, see *Spilsbury*, 307 F.Supp.2d at 26, in this case, there is no other placement previously implemented by DCPS for the plaintiff.

Furthermore, the primary case relied upon by the plaintiff, *Leonard by Leonard v. McKenzie*, also supports the District of Columbia's position with regard to the plaintiff's "then current educational placement." 869 F.2d 1558, 1564 (D.C.Cir. 1988). In *Leonard*, the parents of a disabled child challenged DCPS' placement of their child in a public school for the 1986–1987 school year. 869 F.2d at 1564. As in the current case, during the pendency of their challenge, the parents in *Leonard* enrolled their child in a private school. *Id.* Because of procedural violations, a hearing officer allowed the child to complete the 1985–1986 school year at the private school. *Id.* Although the D.C. Circuit did not disagree with this decision, it noted that the parents were "on notice" that private school would cease to be child's placement and that DCPS would not be compelled to maintain the child at the private school for the next year during his challenge to the IEP. *Id.* Similarly, in this case, the plaintiff's mother was on notice that her daughter's enrollment at NCRC was only on an "interim" basis until the end of the 2001–2002 school year, pending her placement at Stoddert Elementary School. Accordingly, the Court finds that the "then current educational placement" is Stoddert Elementary School and there was no denial of FAPE through the maintenance of that placement for the 2002–2003 school year and during the pendency of this action.

### B. Procedural Violations of IDEA as a Denial of FAPE

■ The plaintiff's second ground for summary judgment is that "procedural violations occurred at the administrative level based upon the fact that despite their timely filing of a hearing request on May 24, 2002, the hearing officer determination was not issued until December 10, 2002, half way through the 2001–2002 school year." Pl. Mot. for Summ. J. 3. The plaintiff alleges that due to the delay, her occupational therapist relocated out of the country and was thus not able to testify at the hearings. Pl. Opp. 6. "Claims of procedural violations of IDEA do not, in themselves, inexorably lead a court to find a child was denied FAPE." Schoenbach, 309 F.Supp.2d at 78 (citing Adam J. v. Keller Indep. Sch. Dist., 328 F.3d 804, 811–12 (5th Cir.2003)); see also Weiss by Weiss v. School Bd. of Hillsborough County, 141 F.3d 990, 996 (11th Cir.1998). Indeed, most circuits have required a plaintiff to demonstrate "substantial harm" resulting from a procedural violation to establish a denial of FAPE. Schoenbach, 309 F.Supp.2d at 78. In this case, the plaintiff fails to specify substantial harm resulting from the alleged delay from the time of the hearing request until the issuance of the HOD. The December 10, 2002 HOD indicates that although the plaintiff's current occupational therapist was unavailable, the plaintiff's mother was able to submit disclosure documents, which were admitted into the record over DCPS' objections, regarding the plaintiff's occupational therapy. R. 385–386. The Court thus finds that the plaintiff has not demonstrated a denial of FAPE, especially in light of the fact that during the period before the issuance of the December 10, 2002 HOD, the plaintiff had been placed on an interim basis at NCRC, the school that the plaintiff and her mother clearly believe is an appropriate placement. Accordingly, the plaintiff's motion is also denied on this ground.

### C. December 10, 2002 HOD regarding IEP and Placement

■ The plaintiff's final ground for summary judgment is that the Hearing Officer erred in her determination that Stoddert Elementary School was a proper placement because the school "lacked a dedicated room for the speech and language services" deemed appropriate for the plaintiff, and instead would hold these services in a regular classroom or hallway. Pl. Mot. for Summ. J. 4. The plaintiff also argues that the school lacked the equipment necessary for the plaintiff's occupational therapy, and would instead utilize "then-existing equipment" located at the school's playground. Id.

The Supreme Court has held that under IDEA, "[i]nsofar as a State is required to provide a handicapped child with a 'free appropriate public education,' ...it satisfies this requirement by providing personalized instruction with sufficient support services to permit the child to benefit educationally from that instruction." Board of Educ. of Hendrick Hudson Central School Dist. v. Rowley, 458 U.S. 176, 203, 102 S.Ct. 3034, 73 L.Ed.2d 690 (1982) ("Rowley"). Although IDEA guarantees a free appropriate public education, "it does not, however, provide that this education will be designed according to the parent's desires." Shaw v. District of Columbia, 238 F.Supp.2d 127, 139 (D.D.C.2002) (citing Rowley, 458 U.S. at 207, 102 S.Ct. 3034). In this case, the Hearing Officer determined in her December 10, 2002 opinion that the evidence supported DCPS' position "that it can provide a placement that meets [the plaintiff's] needs, was prepared to significantly increase the level of related services currently being offered by private placement..., and more than doubled the

amount of occupational therapy services" recommended for the plaintiff. R. 383. The plaintiff has put forth no basis for this Court to find that the Hearing Officer erred in her December 10, 2002 HOD. She neither presents evidence of any alleged deficiencies in the IEP or Stoddert Elementary School's services and facilities, nor points to any aspect of the administrative record demonstrating that the Hearing Officer's decision was unsound. Accordingly, the Court denies the plaintiff's motion for summary judgment and grants the defendants' motion for summary judgment.

### ORDER

For the reasons set forth above, it is this 19th day of September, 2004, hereby

**ORDERED** that the plaintiffs' Motion for Summary Judgment [# 9] is **DENIED**; and it is further

**ORDERED** that the defendants' Motion for Summary Judgment [# 15] is **GRANTED**; and it is further

**ORDERED** that the above-captioned action shall be dismissed.

**SO ORDERED.**